UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN L. PETEREC-TOLINO,<br><br>                         Plaintiff,<br><br>             -against-<br><br>ACE AMERICAN INSURANCE CO.;<br>JENNIFER ALEXANDER; RYAN, ROACH<br>& RYAN, LLP; JOHN D. DUNNE;<br>JACQUELINE L. HEUBACH; WILSON,<br>ELSER, MOSKOWITZ, EDELMAN &<br>DICKER, LLP; ADAM ROSEN; CLAIRE<br>UNDA; WALTER F. CIACII; DR. RONALD<br>L. MANN; M.D-(I.M.E.) N.Y.S. LICENSE<br>#149230; STATE OF NEW YORK<br>WORKERS COMPENSATION BOARD;<br>DR. HEAD (IME) (WILLIAM); JANE DOE,<br>JOHN DOE, JOHN DOE-M.D.,<br><br>                         Defendants. | 20-CV-5354 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se,* brings this action asserting claims arising from his shoulder injury at work and related litigation, in both the Supreme Court of the State of New York, New York County, and the New York State Workers' Compensation Board (WCB). He sues the WCB, and attorneys, law firms, and medical examiners involved in those legal matters, alleging violations of his constitutional rights.[1] On August 14, 2020, Plaintiff paid the filing fee for this action. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

---

[1] In addition to his original complaint (ECF 2), Plaintiff filed an amended complaint (ECF 4) that he describes as a supplement to the complaint. The Court treats both pleadings together as the operative complaint.

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon*

*Oil Co.*, 526 U.S. 574, 583 (1999). A claim is "frivolous when either: (1) the factual contentions

are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the

claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*,

141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). The Court is

obliged, however to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations

omitted) (emphasis in original).

## BACKGROUND

The following facts are alleged in Plaintiff John Peterec-Tolino's complaint. Plaintiff

worked as an electrician and mechanic and was a member of "Local Union #3 of the I.B.E.W."

(Compl., ECF 2, at 27.) On May 2, 2016, Plaintiff injured his shoulder while working for an

unidentified employer at a New York City transit location. (*Id.* at 28-29, 44.) Plaintiff

immediately applied for workers' compensation benefits through Ace American Insurance

Company, and within two weeks was receiving payment.[2] (*Id.* at 28.)

Plaintiff makes the following argument:

Once payments continue just over one year, the insurance carrier (and employer)

---

[2] Plaintiff explained during unrecorded portions of his intake interview with Ace American Insurance Company that approximately ten years earlier, he had suffered a lower back and neck injury. (*Id.* at 51.) Plaintiff's neck injury had long since "recovered." (*Id.*) In Plaintiff's fax to Ace American Insurance Company, he asked whether they wanted information about the providers who had treated him for those old injuries. (*Id.* at 52.) He "didn't mention any issues of any personal injury case from back then, [as] it wasn't asked and [was] not relevant." (*Id.*)

are held as fully liable as to payments to the claimant . . . . This due to laches laws
of any issues to be controverted should be realized well within a year's time,
which is twelve whole months.

(*Id.*) Ace American Insurance Company paid Plaintiff through June 2017, and Plaintiff argues

that "the insurance carrier was fully responsible and liable" because it paid him for more than

one year. (*Id.*)

Plaintiff was "not interested" in filing a tort claim and did not promptly file a notice of

claim with the City of New York. (*Id.* at 29). In 2017, attorney Walter Ciacci of the law firm

Della, Mura & Ciacci, LLP, sought leave to file a late notice of claim on Plaintiff's behalf, and

the request was granted. Plaintiff filed suit in the Supreme Court of the State of New York, New

York County, under docket number 151874/200, against Defendants City of New York, New

York City Transit, MTA Capitol Construction, Tully Construction, and MTA. (*Id.* at 31). The

City of New York, represented by the law firm Elser, Moskowitz, Edelman, and Dicker, LLP,

sought reconsideration of the order granting leave to file the late notice of claim, and the court

granted the motion for reconsideration. Plaintiff appealed, and after "countless twists and turns,"

the parties agreed on the outlines of a settlement. (*Id.*) Ace American Insurance Company had a

lien against any recovery that Plaintiff would obtain in that litigation.

Plaintiff alleges that his attorney instructed him to sign a nonbinding agreement, with the

understanding that changes could be made later. Plaintiff lost confidence in attorney Ciacci, who

gave Plaintiff "deliberate false info" and sent him a "conniving agreement." (*Id.* at 32-33.) Ciacci

required Plaintiff to sign a multipage attorney-client stipulation as part of the settlement. Plaintiff

realized that this was a "filthy trick" and fired Ciacci "immediately on June 28, 2019 via email."

(*Id.* at 33.) Plaintiff then wrote directly to the state court judge, proposing to end his Workers'

Compensation Board suit "only within [certain] limiting constraints." (*Id.*). Plaintiff contends

that he never agreed "to drop . . . any claims against [Ace American Insurance Company] for clear cut violations unconstitutional under the Supremacy Clause." (*Id.* at 34.)

Ten years before this 2016 shoulder injury, Plaintiff had a "lumbar back and cervical neck" injury. (*Id.* at 51.) At some point, Plaintiff was accused of violating Worker's Compensation Law § 114-a, which governs false or misleading statements made in an application for benefits. Plaintiff notes that he was taking medication and suffering the effects of a concussion at the time he completed initial forms, and that he truthfully indicated that he had never had prior treatment for a shoulder injury.

WCB Administrative Law Judge (ALJ) Michael O'Connor allowed attorneys from Ryan, Roach, & Ryan, LLP, to introduce evidence that Plaintiff argues should not have been admitted, but rejected Plaintiff's relevant evidence. The WC § 114-a issue was resolved "in part" against Plaintiff, based primarily on medical testimony from Dr. Ronald L. Mann, despite the fact that Dr. Mann was "wholly non-credible." (*Id.* at 104-05.)

Plaintiff clarifies that "[t]his case is about the treatment [Plaintiff] suffered actually beginning on July 13, 2017, . . . from three law firms and their respective attorneys who colluded with each other," and with two independent medical examiners, the insurance carrier, and the WCB to violate Plaintiff's federal civil rights. (*Id.* at 41.)[3] Plaintiff contends that they colluded to "violate [his] federal civil rights under 42 U.S.C. § 1983, Title VII, as well as . . . state causes of action." (*Id.*) He seeks damages.

---

[3] The ALJ for the WCB is not named as a defendant in this action. An ALJ is entitled to absolute immunity for judicial acts, such as decisions in a case before the ALJ. *See Butz v. Economu*, 438 U.S. 478, 513 (1978) (holding that administrative law judges "performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts."); *Jackson v. Ramirez*, No. 15-CV-0617 (GHW), 2016 WL 796854, at *4 (S.D.N.Y. Feb. 22, 2016) (extending judicial immunity to a state administrative law judge), *aff'd*, 691 F. App' x 45 (2d Cir. 2017) (summary order).

**DISCUSSION**

**A.     New York State Workers Compensation Board**

"[A]s a general rule, state governments may not be sued in federal court unless they have

waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id*. The State of New

York Workers Compensation Board (WCB) is an arm of the State of New York. *See Palma v.*

*Workers Compensation Bd.*, 151 F. App'x 20, 21 (2d Cir. 2005) (summary order); *Levitant v.*

*Workers Compensation Bd.*, No. 16-CV-6990 (ER), 2018 WL 1274734, at *4 (S.D.N.Y. Mar. 8,

2018).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and

Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v.*

*Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Eleventh Amendment

therefore bars Plaintiff's § 1983 claims against the New York State WCB from proceeding in

federal court, and the Court dismisses Plaintiff's claims against the New York State WCB.

**B.      Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right

secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988). "Because the United States Constitution regulates only the Government,

not private parties, a litigant claiming that his constitutional rights have been violated must first

establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193,

206 (2d Cir. 2012) (internal quotation marks omitted); *American Mfrs. Mut. Ins. Co. v. Sullivan*,

526 U.S. 40, 50 (1999) ("Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983.") (quotations omitted). "State action requires both . . . the exercise of some right or privilege created by the State . . . and" the involvement of "a person who may fairly be said to be a state actor." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and brackets omitted).

The representation of a defendant by private counsel generally does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, even where the attorney is appointed by the court or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

Plaintiff sues individual attorneys John D. Dunne, Jacqueline L. Heubach, Walter F. Ciacci, Adam Rosen, Claire Unda, and Jennifer Alexander, all of whom he alleges worked for private law firms. He also sues three private law firms: Ryan, Roach & Ryan, LLP; Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and Della, Mura & Ciacci, LLP. The remaining defendants (Dr. Ronald L. Mann, "IME N.Y.S. License #149230," Dr. William Head, and "John Doe" M.D.) are independent medical examiners (IME), not employed by the WCB; these physicians conduct medical examinations, the results of which are used in WCB proceedings.

Plaintiff seems to suggest that the attorneys or doctors can be considered state actors because they are licensed or regulated by the "N.Y.S. Division of Medical Licensing" or the "state supreme court" and "state bar association." (ECF 2 at 6-7.) State regulation is insufficient to convert a private party into a state actor. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229–31 (2d Cir. 2014) (holding that a private hospital's involuntary commitment of a patient was not

state action, even though the hospital received state funding and was subject to extensive state

regulation).

 Plaintiff also contends that private parties can be liable under § 1983 where they "act

jointly" or "conspire" with state officials.[4] (Compl. ECF 2 at 7-8.) "A merely conclusory

allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983

claim against the private entity." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir.

2002). Instead, to allege a conspiracy with a state actor, a plaintiff must allege: "(1) an agreement

between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury;

and (3) an overt act done in furtherance of that goal causing damages." *Gill v. Silver Inv'rs Inc.*,

413 F. Supp. 3d 123, 127–28 (E.D.N.Y. 2016). Plaintiff's allegations that the attorneys he sues

were all involved in the same litigation, or took positions adverse to him, do not state a claim that

they acted jointly to violate Plaintiff's constitutional rights. Plaintiff has not pleaded facts giving

rise to a plausible inference that any of the private defendants agreed with a state actor to violate

Plaintiff's constitutional rights. He thus fails to state a claim that any of these individual

defendants can be deemed a state actor for their actions in connection with his litigation, and the

Court dismisses Plaintiff's claims under § 1983.

Plaintiff also sues Ace American Insurance Company. A private entity's activity can be

attributed to the state in three situations: (1) the entity acts using the coercive power of the state

or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint

---

[4] *See, e.g., Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970) (allegations that a
private employee "reached an understanding" with a local policeman to deny plaintiff service
because she was in the company of black individuals sufficed to hold employee liable for
violating Plaintiff's Fourteenth Amendment rights); *United States v. Price*, 383 U.S. 787, 795
(1966) (where state officers released three black men from jail at night, then intercepted and
murdered them, the private individuals who participated in official lawlessness by acting in
willful concert with state officers acted under color of law).

activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). Fabrikant, 691 F.3d at 207. The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). Plaintiff makes no plausible allegation that Ace American Insurance Company's actions, in providing insurance payments to Plaintiff for a work-related injury and seeking recovery for such payments, are attributable to the state. Thus, this defendant also cannot be liable under § 1983 for violating Plaintiff's constitutional rights.

**C.      Claims under Title VII**

Title VII of the Civil Rights Act provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Plaintiff invokes Title VII but does not allege that he was an employee of any defendant or that he suffered discrimination because of his protected characteristics. Plaintiff thus fails to state a claim on which relief can be granted under Title VII.

**D.      Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The facts alleged in Plaintiff's complaint give no indication that better pleading could cure the defects in the complaint. The Court therefore declines to grant Plaintiff leave to amend his complaint to replead his federal claims.

E.      **State Law Claims**

Plaintiff asserts state law claims for legal malpractice, "negligent representation,"
violations of N.Y. Judiciary Law § 487, and more.[5] A district court may decline to exercise
supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it
has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have
dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court
should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350
n.7 (1988)).

Having dismissed the federal claims over which the Court has original jurisdiction, the
Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may
be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)
("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by
enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of
Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). The Court therefore dismisses
Plaintiff's state law claims without prejudice to Plaintiff's pursuing such claims in an appropriate
forum.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on
the docket. Plaintiff's claims against the New York State Workers Compensation Board are

---

[5] Section 487 "permits a civil action to be maintained by any party who is injured by an
attorney's intentional deceit or collusion in New York on a court or on any party to litigation, and
it provides for treble damages." *Amalfitano v. Rosenberg*, 533 F.3d 117, 123 (2d Cir. 2008)
(citing *Fields v. Turner*, 147 N.Y.S.2d 542, 543-44 (N.Y. Sup. Ct. 1955)). However, "New York
does not readily assume such intent from conduct falling 'well within the bounds of the
adversarial proceeding.'" *Haggerty*, 374 Fed. Appx at 93 (quoting *Lazich v. Vittoria & Parker*,
189 A.D.2d 753, 754 (2d Dep't 1993)).

dismissed based on Eleventh Amendment immunity. Plaintiff's federal claims are dismissed for failure to state a claim on which relief can be granted.

The Court declines, under 28 U.S.C. § 1367, to exercise supplemental jurisdiction over any state law claims that Plaintiff may be asserting and dismisses Plaintiff's state law claims without prejudice.

SO ORDERED.

Dated:    August 28, 2020
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.