UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN L. PETEREC-TOLINO,

                Plaintiff,

        -against-

ACE AMERICAN INSURANCE CO.; JENNIFER ALEXANDER; RYAN, ROACH & RYAN, LLP; JOHN D. DUNNE; JACQUELINE L. HEUBACH; WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP; ADAM ROSEN; CLAIRE UNDA; WALTER F. CIACII; DR. RONALD L. MANN; M.D-(I.M.E.) N.Y.S. LICENSE #149230; STATE OF NEW YORK WORKERS COMPENSATION BOARD; DR. HEAD (IME) (WILLIAM); JANE DOE, JOHN DOE, JOHN DOE-M.D.,

                Defendants.

20-CV-5354 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      Plaintiff filed this action *pro se*, bringing claims against the New York State Workers' Compensation Board (WCB), and private attorneys, law firms, and medical examiners, and alleging violations of his constitutional rights. On September 1, 2020, the Court dismissed the complaint, holding that the WCB was entitled to Eleventh Amendment immunity from suit in federal court and that none of the other defendants qualified as a state actor that could be sued under 42 U.S.C. § 1983. Having dismissed the federal claims, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismissed them without prejudice to Plaintiff's refiling his state law claims in state court.

      After the Court entered judgment and closed this case, the Court received Plaintiff's proposed second amended complaint (ECF No. 7) and third amended complaint (ECF No. 8).

The Court liberally construes these submissions as motions under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment and motions under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as motions under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motions, and the action remains closed.

## DISCUSSION

The standards governing motions under Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff states that his proposed second amended complaint demonstrates "why [defendants'] statements were fraudulent." (ECF 7 at 2-3). For example, Plaintiff argues that the statement of private medical examiner Dr. Mann, at the conclusion of his written report, that he is "willing to testify" constitutes a violation of Plaintiff's rights under the Sixth Amendment to the United States Constitution. (*Id.* at 7.) The bulk of the second amended complaint is devoted to arguments that Plaintiff did not misrepresent or conceal his prior injuries in communications with the insurer or for worker's compensation, which is an issue that the New York State WCB resolved against him. This Court, however, cannot review the WCB determination. *See, e.g., McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) ("28 U.S.C. § 1331 . . . does not authorize district courts to exercise appellate jurisdiction over state-court judgments.").

There is also no basis for reopening this closed action to allow Plaintiff to proceed with his proposed third amended complaint (TAC). (ECF No. 8.) First, Plaintiff does not identify any reason that he should be granted leave under Rule 15(a) of the Federal Rules of Civil Procedure to further amend his complaint. *See* Fed. R. Civ. P. 15(a) (a plaintiff may amend the complaint one time without leave of court). Thus, the TAC would be improper even if this action were not already closed. Moreover, the proposed TAC merely seeks to add or change some details of Plaintiff's allegations, but an amended complaint completely replaces – rather than supplements – the prior complaint. Finally, Plaintiff's proposed TAC does not provide any basis for reconsidering the Court's determination in the order of dismissal that the WCB enjoys Eleventh Amendment immunity and the remaining defendants are private parties not subject to suit under § 1983. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Plaintiff fails to demonstrate in his submissions that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motions under Rule 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motions, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motions for reconsideration under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motions are also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**CONCLUSION**

Accordingly, Plaintiff's motions for reconsideration are denied, and this matter will not be reopened to allow him to proceed with the proposed Second and Third Amended Complaints (ECF Nos. 7-8).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 16, 2020
         New York, New York

                                              _____Louis L. Stanton_____
                                                    Louis L. Stanton
                                                       U.S.D.J.